## STEWART v STATE

Ohio Appeals, 3rd Dist, Logan Co
No. 793. Decided October 16, 1929

Mr. Forrest G. Long, Bellefontaine, for Stewart.

Mr. Geo. S. Middleton, Bellefontaine, for State.

HUGHES, J.

All that the evidence tends to prove touching the second offense, is that in a hedge row by a stump in a lane on defendant's farm, that ran about forty eight feet from the house of the defendant, was found by the searching party, a bottle of whiskey. This same party found in defendant's house, a few corks which they said would fit pint and quart bottles. They found five one gallon jugs with no intoxicating liquor of any kind in them,

but which a witness or two testified smelled like they had had whiskey in them. There were two large five gallon jugs also found in the woodshed, but no evidence of any intoxicating liquor in any of these receptacles other than that they had the odor of whiskey. There was also a box containing broken bottles and chinaware, but the particular description of the contents of this box is lacking. There is no other evidence on this branch of the case.

We hold that this is sufficient to overcome the presumption of innocence.

The proof of the first offense shows that instead of pleading guilty before Squire Petit, to the charge of unlawful possession of intoxicating liquors, he did on that day enter a plea of guilty of furnishing intoxicating liquors for beverage purposes.

We have been furnished with no authorities holding this either a sufficient or insufficient proof of the charge, but we hold that when one is charged with a former violation of the Crabbe Act, reciting the exact date of his conviction or plea of guilty before a certain court, it is sufficient proof of the former offense to show a former violation of the Crabbe Act at such time and place charged and it is not a variance in the proofs though the proof is "furnishing" and the charge is "possession."

For the reasons above given, the judgment is affirmed.

Before Judges Hughes, Justice and Crow.